J-A26002-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARSHA C. GREEN | : | |
| | : | |
| Appellant | : | No. 994 WDA 2017 |

Appeal from the Judgment of Sentence April 10, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005745-2016

BEFORE: BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

CONCURRING AND DISSENTING MEMORANDUM BY MURRAY, J.:

FILED FEBRUARY 19, 2019

I agree with the learned Majority's resolution of Appellant's last three claims and join them in full, including the decision to vacate Appellant's convictions of DUI at count 2 and driving an unregistered vehicle. I write separately, however, because I disagree with the Majority's decision to vacate Appellant's judgment of sentence as to her remaining convictions and to grant a new trial. Instead, I would affirm Appellant's convictions other than DUI at count 2 and driving an unregistered vehicle.

The Majority aptly sets forth the factual and procedural history of this case, and thus, I need not repeat it. I note only that Appellant filed a suppression motion in which she argued that Trooper Schonbachler elicited from her incriminating statements regarding her alcoholic beverage consumption, after he placed her into custody and interrogated her without

informing her of her Miranda rights. The trial court denied the motion on the basis that Appellant was not subject to a custodial detention and interrogation when Trooper Schonbachler questioned her in the back of his police vehicle. See Trial Court Opinion, 1/22/18, at 3-5.

The Majority reverses the order denying Appellant's suppression motion, concluding that Appellant was subject to a custodial detention and interrogation when Trooper Schonbachler placed her in the back of his police vehicle and questioned her about whether she had consumed alcoholic beverages earlier that night. See Majority Opinion at 8-19. While I agree with the Majority's conclusion that Appellant was subject to a custodial detention and interrogation, I disagree that the trial court's decision not to suppress the statements Appellant made relating to her alcoholic beverage consumption necessitated vacating her judgment of sentence and granting a new trial. Because I find the trial court's decision to deny Appellant's suppression motion to be harmless error, I would have affirmed Appellant's judgment of sentence on all convictions other than DUI at count 2 and driving an unregistered vehicle. See Commonwealth v. Baez, 720 A.2d 711 (Pa. 1998) (A suppression court's failure to suppress testimony does not require reversal if the error was harmless).

Under the harmless error doctrine, "an error can be harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless." Commonwealth v. Fulton, 179 A.3d 475, 493 (Pa. 2018)

(quotations and citations omitted). In defining the harmless error standard, our Supreme Court has stated that "an error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. Whenever there is a 'reasonable possibility' that an error 'might have contributed to the conviction,' the error is not harmless." Id. (quoting Commonwealth v. Story, 383 A.2d 155, 162 (Pa. 1978)).

> As the Supreme Court has explained:
>
> Harmless error exists if the state proves either: (1) the error did not prejudice the defendant or the prejudice was de minimis; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

Id. (emphasis in original, quotations and citations omitted).

In this case, Trooper Schonbachler testified that upon arriving at the accident scene, he observed Appellant's abandoned vehicle against a concrete barrier, with "heavy damage to the front of the vehicle." N.T., 12/1/16, at 5. Upon learning that Appellant and her passenger had walked away from the scene, Trooper Schonbachler proceeded locate Appellant on a nearby roadway. Id. at 6. Trooper Schonbachler testified that once he located Appellant, he placed her in the back of his vehicle and "asked her what happened." Id. at 7-8. Appellant told Trooper Schonbachler "she was driving her friend home. She thinks a tire blew. She hit the barrier, and that's basically all she could remember." Id. at 8. Trooper Schonbachler testified

that it was precisely this moment that he noticed Appellant had "an odor of alcohol, slurred speech and bloodshot eyes[.]" Id. At that point, Trooper Schonbachler asked Appellant when "the last time she had a drink was and how many drinks she had." Id.

As the Majority correctly states, "there are two components of a custodial interrogation that must be satisfied to trigger the requirement that police issue Miranda warnings: first, the defendant must be in custody, that is, subject to the functional equivalent of an arrest and, second, the at-issue statement must be prompted by a police inquiry that was likely to evoke an incriminating response." Majority Op. at 10. The Majority concludes correctly that when Trooper Schonbachler asked Appellant about the last time she had a drink, he did so while Appellant was in custody and the question was one that was likely to elicit an incriminating response. See id. at 18. Thus, the Majority properly determined that the trial court should have suppressed Appellant's answer to that question.

Nevertheless, the Majority's decision to vacate Appellant's judgment of sentence and grant a new trial disregards the ample evidence that preceded Trooper Schonbachler's improper question. My reading of the record reveals more than sufficient evidence up to that point to sustain Appellant's conviction of DUI under Section 3802(a)(1) of the Pennsylvania Motor Vehicle Code. Section 3802(a)(1) states that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a

- 4 -

sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802. The record reflects that Appellant crashed her vehicle, abandoned the vehicle, and walked away from the scene of the accident. N.T., 12/1/16, at 5-6. When Trooper Schonbachler placed Appellant into his police vehicle and asked her what happened, he immediately noticed that she had an odor of alcohol, slurred speech, and bloodshot eyes. Id. at 8. As the Majority concedes in its analysis of Appellant's sufficiency claim relating to Section 3802(a)(1), "[t]hese are the telltale signs of intoxication." Majority Op. at 8. Appellant presented no evidence contradicting Trooper Schonbachler's observations of her intoxication. Thus, there was ample evidence to sustain Appellant's conviction under Section 3802(a)(1), even without Appellant's statements indicating that she had consumed alcoholic beverages earlier that night.[1]

Importantly, when Trooper Schonbachler asked Appellant what had happened, he was not asking a question designed to elicit an incriminating response, but rather a question that any police officer – and likely anyone else – would have asked upon arriving at the scene of an automobile accident. In

---

[1] Moreover, Appellant's statements were irrelevant to her convictions of driving while operating privilege is suspended or revoked, 75 Pa.C.S.A. § 1543(b)(1); required financial responsibility, 75 Pa.C.S.A. § 1786(f); driving on roadway laned for traffic, 75 Pa.C.S.A. § 3309(1), careless driving, 75 Pa.C.S.A. § 3714(a); and immediate notice of accident, 75 Pa.C.S. § 3746(a)(2). Thus, an analysis relating to these convictions is unnecessary.

my view, while Appellant may have been in custody in the back of Trooper Schonbachler's vehicle, she was not subject to a custodial interrogation until Trooper Schonbachler asked her about her drinking. Therefore, the trial court did not need to suppress the evidence obtained prior to that point.

In sum, I would find the trial court's denial of Appellant's suppression motion to be harmless error, as there was abundant properly admitted and uncontradicted evidence of Appellant's guilt. Because I find the trial court's failure to suppress the statements Appellant made after Trooper Schonbachler asked her about her drinking to be harmless, I would affirm Appellant's convictions other than DUI at count 2 and driving an unregistered vehicle.